IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **EDITA O. VINNITSKAYA,** | * |
| Plaintiff, | * |
| v. | * Case No.: RWT 09cv1975 |
| **CITY OF HYATTSVILLE, MARYLAND, ET AL.,** | * |
| Defendants. | * |

## MEMORANDUM OPINION

Officers Kirk Pile and Suzette Johnson, and the City of Hyattsville, Maryland, have moved to dismiss, or, in the alternative, to bifurcate certain claims brought against them in a Complaint filed by Plaintiff Edita O. Vinnitskaya. Because the Plaintiff has alleged sufficient facts with respect to certain claims against Officers Pile and Johnson, but not with respect to certain claims against the City of Hyattsville, the Court will, by separate order, grant in part and deny in part Defendants' motion.

On April 30, 2009, Plaintiff filed a Complaint against six defendants, including the City of Hyattsville ("the City") and Officers Pile and Johnson, regarding an incident at the Prince George's Mall on May 1, 2008. Plaintiff's Complaint states that Officers Pile and Johnson, who were working as security guards at the Mall, confronted her, demanded that she provide identification, and took her bag. (Compl. ¶¶ 11–12.) The Complaint further states that despite Plaintiff's full cooperation, Officers Pile and Johnson "forcefully handcuffed Plaintiff's wrists and ankles, used a Taser issued by the City of Hyattsville Police Department to dry stun Plaintiff causing her to fall to the ground and then picked Plaintiff up by the handcuffs." (Id. ¶ 15.)

Afterwards, the Complaint states, "Defendants Pile and Johnson transported Plaintiff to Washington Adventist Hospital for a psychiatric evaluation," where Plaintiff was treated for her injuries.  (Id. ¶¶ 16–17.)  Based on these events, Plaintiff's Complaint states the following pertinent causes of action against the City and Officers Pile and Johnson:  42 U.S.C. § 1983 (Count I), Assault (Count II), Battery (Count III), False Arrest (Count IV), False Imprisonment (Count V), and Intentional Infliction of Emotional Distress (Count VI).

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the sufficiency of the complaint.  Edwards v. City of Goldsboro, 178 F.3d 231 243 (4th Cir. 1999).  The Court must consider all well-pled allegations in the Complaint as true, see Albright v. Oliver, 510 U.S. 266, 268 (1994), and must construe factual allegations in the light most favorable to the Plaintiff, see Lambeth v. Bd. Of Comm'rs of Davidson County, 407 F.3d 266, 268 (4th Cir. 2005).

Defendants move to dismiss Counts I–VI and the claim for punitive damages as to the City or, in the alternative, to bifurcate Count I as to the City.  (Defs.' Mot. 4–7, 9–10.) Defendants contend that the Complaint fails to state a claim against the City under § 1983 in Count I, that the City possesses governmental immunity with respect to the state common law claims in Counts II–VI, and that punitive damages are not available under Maryland law against the City.  (Id.)  Plaintiff agrees that Counts I–VI should be dismissed as to the City and that the City is not subject to a claim for punitive damages.  (Pl.'s Opp'n 2.)  Accordingly, the Court will dismiss Counts I–VI and the claim for punitive damages as to the City and dismiss as moot the City's request for bifurcation.

Defendants also move to dismiss Counts II–VI as to Officers Pile and Johnson based upon statutory public official immunity.  (Defs.' Mot. 7–9.)  Specifically, Defendants contend

that the Officers possess statutory immunity and that Plaintiff has failed to allege facts suggesting otherwise.  (Id. at 8).  Plaintiff opposes the motion as to claims brought against Officers Pile and Johnson, arguing that the she alleges in her Complaint facts sufficient to strip the Officers of their immunity.  (Pl.'s Opp'n 4–5.)

Officials of a municipality are immune from civil liability for actions performed within the scope of their employment without malice.  See Md. Code Ann., Cts. & Jud. Proc., § 5-507(b)(1) (LexisNexis 2008) ("An official of a municipal corporation, while acting in a discretionary capacity, without malice, and within the scope of the official's employment or authority shall be immune as an official or individual from any civil liability for the performance of the action.").  Actual malice is established by proof that the officials intentionally performed an act without legal justification or excuse, but with an evil or rancorous motive influenced by hate, the purpose being to deliberately and willfully injure the plaintiff.  See Elliott v. Kupferman, 473 A.2d 960, 969 (Md. 1999).

Accepting all of the allegations in the Complaint as true and in the light most favorable to the Plaintiff, the Court concludes that Plaintiff has alleged sufficient facts to support the assertion that Officers Pile and Johnson do not possess statutory immunity with respect to the states torts alleged in Counts II–VI.  Pursuant to § 5-507(b)(1), the Officers possess statutory immunity in relation to their May 1, 2008 actions only if they acted without malice.  Plaintiff has alleged, however, that "Defendants Pile and Johnson acted with malice in making the decisions to detain Plaintiff, handcuff Plaintiff, use a Taser on Plaintiff, search Plaintiff's belongings, and transport Plaintiff to Washington Adventist Hospital."  (Compl. ¶ 19.)  She also alleged that she "cooperated fully with defendants," (id. ¶15), and that Officers Pile and Johnson acted "without provocation," (id. ¶ 12), and "lacked probable cause," (Id. ¶ 18.).  In addition, she alleged that

3

the Officers "forcefully handcuffed" her wrists and ankles, (id. ¶ 15), dry stunned her "causing her to fall to the ground," (id.), picked her up by the hand cuffs, (id.), and transported her to a hospital "for a psychiatric evaluation," (id. ¶ 16.).  Construing these facts in the light most favorable to the Plaintiff, the Court reads the Complaint as sufficiently alleging that the Officers acted with malice.[1]  See Barbre v. Pope, 935 A.2d 699, 714–17 (Md. 2007) (explaining what constitutes sufficient allegations of malice to enable a plaintiff to overcome a motion to dismiss); Sawyer v. Humphries, 587 A.2d 467, 474 (Md. 1991) ("When someone, without provocation or cause, throws rocks at two other persons, he is obviously demonstrating ill will towards those persons.  Wrestling another to the ground, pulling his hair, and hitting him on the face, again without cause or provocation, is certainly malicious conduct.").  Consequently, the Court will deny Defendants' motion to dismiss Counts II–VI as to Officers Pile and Johnson.

For the foregoing reasons, the Court will, by separate order, grant in part and deny in part the Partial Motion To Dismiss or, in the alternative, To Bifurcate By City of Hyattsville Defendants (Paper No. 10).

October 23, 2009                                            /s/
       Date                                    ROGER W. TITUS
                                         UNITED STATES DISTRICT JUDGE

---

[1] The Court notes that allegations of malice sufficient to overcome a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) may not be sufficient to withstand a motion for summary judgment under Federal Rule of Civil Procedure 56.  See, e.g., Chao v. Rivendell Woods, Inc., 415 F.3d 342 (4th Cir. 2005) ("Under this relaxed [pleading] standard, unmeritorious claims . . . are eliminated not by motions to dismiss, but rather primarily through liberal discovery rules and summary judgment motions." (quotation marks omitted)).